UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**MALIBU MEDIA, LLC,**
        **Plaintiff,**

    v.                                                    Case No. 13-C-0213

**JOHN DOE subscriber assigned IP address 173.89.12.90,**
        **Defendant.**

## DECISION AND ORDER

The plaintiff, Malibu Media, LLC, has filed this suit for copyright infringement. It owns the copyrights in nineteen films and alleges that the defendant distributed copies of those films using the BitTorrent file-sharing protocol. The BitTorrent protocol is an alternative to downloading a file from a single server. It allows users to join a "swarm" of computers that download and upload files from each other. When a person uses BitTorrent to download a file, such as a movie, the person usually will not obtain a full copy of the movie from one other computer. Instead, the user will obtain pieces of the movie from multiple computers in the swarm. Once the user has obtained all the pieces, the BitTorrent computer program, which is running on the user's computer, assembles the pieces into a completed file, allowing the user to view the movie. Another feature of BitTorrent is that once a user downloads a piece of a file, the user's computer becomes a source of that piece, meaning that others in the swarm can now download it directly from the user's computer. In general, all participants in a swarm are downloading and uploading pieces of files from each other simultaneously. See generally BitTorrent, Wikipedia.org, http://en.wikipedia.org/wiki/BitTorrent (last visited Oct. 29, 2013).

In its complaint, plaintiff alleges that it hired a firm, IPP Limited ("IPP"), to determine whether others were using BitTorrent to make illegal copies of its films. During its investigation, IPP established an Internet connection with an IP address associated with a location in New Berlin, Wisconsin. IPP was able to download pieces of each of the nineteen movies at issue in this litigation from that IP address. From this, plaintiff infers that the person who was assigned that IP address infringed plaintiff's copyrights in all nineteen movies.

Because IP addresses do not reveal the identities of the persons who use them, plaintiff does not know the name of the person who used the IP address at issue to distribute copies of its movies. Thus, in its complaint, plaintiff identified the defendant as "John Doe, subscriber assigned IP address 173.89.12.90." When it filed the complaint, plaintiff also filed a motion for permission to take discovery before the Rule 26(f) conference, see Fed. R. Civ. P. 26(d)(1), so that it could serve a subpoena on Time Warner Cable, the Internet service provider that assigned the IP address at issue, and obtain information about the identity of the customer to whom that address had been assigned. I granted this motion. After I did so, an attorney appeared and filed a motion to quash the subpoena on behalf of John Doe. This attorney also filed a motion to allow John Doe to defend this case while remaining anonymous and a motion to seal one of the exhibits plaintiff attached to its complaint. I address these motions in this order.

### I. MOTION TO QUASH

John Doe argues that I should quash the subpoena for two reasons: (1) the complaint does not state a claim for copyright infringement, and therefore no discovery should be

permitted; and (2) plaintiff is likely to use the information obtained from Time Warner Cable to coerce the defendant into entering into a settlement.

Regarding the first argument, I conclude that the complaint states a claim for copyright infringement. To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. <u>Feist Publications, Inc. v. Rural Telephone Service Co., Inc.</u>, 499 U.S. 340, 361 (1991). Defendant does not dispute that plaintiff has adequately alleged the first element. Rather, he contends that the allegations in the complaint do not establish that he was the one who copied the plaintiff's movies. Here, defendant makes two arguments: (1) a person does not necessarily infringe a copyright by copying a piece of a computer file that, when combined with other pieces, will constitute a copyrighted movie; and (2) persons other than the defendant could have used defendant's IP address to distribute the movies.

To obtain discovery, a plaintiff must allege facts showing that its claim is plausible, which means that the allegations of the complaint must establish a nonnegligible probability that the claim is valid. See, e.g., <u>Atkins v. City of Chicago</u>, 631 F.3d 823, 831–32 (7th Cir. 2011). Applying this standard to defendant's arguments, I conclude that plaintiff is entitled to proceed with discovery. Defendant's first argument is based on the nature of the BitTorrent protocol: a user does not obtain a full copy of a file from any single source but obtains pieces of that file from many different sources. Thus, when plaintiff's investigator attempted to download plaintiff's films using BitTorrent, he obtained from defendant only pieces of the files constituting the movies, not the whole movie. Defendant notes that it is possible that he copied only the pieces obtained by the investigator rather than full versions of all nineteen movies. However, the fact that this is possible does not render plaintiff's claim implausible.

3

Presumably, someone who starts downloading a movie intends to watch the movie, and thus the person will likely download the full movie. This means that there is a nonnegligible probability that a user who has a piece of a file constituting a movie on his computer also has the remaining pieces. It is not certain that the user will have the remaining pieces—perhaps the person changed his or her mind before downloading the full movie or other circumstances prevented the person from downloading the full movie. But at the pleading stage certainty is not required.

Defendant's second argument is that it is possible that other persons, not the defendant, made the films available for download from defendant's IP address. Again, this is possible. Defendant is the person who signed up for Internet service from Time Warner Cable. But other persons in defendant's household could have been the ones who used the Internet connection to distribute the movies. Moreover, if defendant has an unsecured wireless router, it is possible that neighbors or others within range of the router used defendant's Internet connection to distribute the movies. Still, there is a nonnegligible probability that the person who signed up for the Internet service is the one who actually used the service to distribute defendant's movies. Thus, plaintiff has alleged enough to at least proceed to discovery and determine whether it can prove that it was the defendant who used the Internet connection to distribute the movies.

Defendant's remaining argument for quashing the subpoena is that there is a risk plaintiff will use the information it obtains from the Internet service provider to coerce the defendant into settling the case rather than litigating any meritorious defenses he may have. The movies at issue in this case are pornographic, and defendant believes that if plaintiff obtains his or her identifying information, plaintiff will force defendant to choose between, on

4

the one hand, defending against the allegations and having his or her name associated with the viewing of pornographic materials and, on the other, settling the case and avoiding public embarrassment. However, for the reasons explained in the next section of this opinion, defendant will be permitted to continue defending this case anonymously. Thus, there will be no risk of public embarrassment and no possibility of plaintiff's using such a risk as leverage in settlement negotiations.

Accordingly, defendant's motion to quash will be denied. However, I note that if defendant agrees to accept service of the complaint, then the need to conduct discovery before the Rule 26(f) conference will be moot: the only reason plaintiff needs to identify the defendant immediately is so he or she can be served with process and be required to participate in this case. Thus, before proceeding to act on the subpoena, plaintiff should ask defendant's attorney if he will agree to accept service of the complaint. If he does, then plaintiff shall not be allowed to conduct any discovery until after the parties have conferred pursuant to Rule 26(f). However, if the defendant refuses to accept service, then plaintiff may proceed to obtain identifying information from defendant's Internet service provider.

## II. MOTION FOR LEAVE TO PROCEED ANONYMOUSLY

It is well established that anonymous litigation is disfavored and should be permitted only under exceptional circumstances. See Doe v. City of Chicago, 360 F.3d 667, 669 (7th Cir.2004). "The public has an interest in knowing what the judicial system is doing, an interest frustrated when any part of litigation is conducted in secret." Doe v. Smith, 429 F.3d 706, 710 (7th Cir.2005). However, "[t]he presumption that parties' identities are public information, and the possible prejudice to the opposing party from concealment, can be rebutted by showing that the harm to the [party requesting anonymity] . . . exceeds the likely harm from concealment." Doe v. City of Chicago, 360 F.3d at 669.

5

In the present case, plaintiff does not oppose defendant's request to proceed anonymously, and thus there is no possibility of prejudice to the opposing party.[1]  However, I have an independent duty to ensure that allowing defendant to litigate anonymously is justified.  See Doe v. Blue Cross & Blue Shield United of Wis., 112 F.3d 869, 872 (7th Cir. 1997).  Here, I conclude that it is justified.  It is safe to assume that most people would not want the public to know that they have been accused of illegally downloading pornographic movies.  See Third Degree Films v. Does 1–3577, No. C 11–02768, 2011 WL 5374569, at *4 (N.D. Cal. Nov. 4, 2011) ("An allegation that an individual illegally downloaded adult entertainment likely goes to matters of a sensitive and highly personal nature, including one's sexuality.").  Thus, revealing defendant's identity will cause defendant some degree of harm and could cause him or her to forfeit meritorious defenses and settle the case to avoid public embarrassment.  On the other side of the balance, it is hard to identify any serious harm to the public in allowing defendant to proceed anonymously, at least at this early stage of the case.  See Sunlust Pictures, LLC v. Does 1–75, No. 12 C 1546, 2012 WL 3717768, at *5 (N.D. Ill. Aug. 27, 2012) ("because Doe (as a defendant) has not purposefully availed himself of the courts, the public's interest in knowing his identity is weaker").  Accordingly, defendant's motion to proceed anonymously will be granted.

### III.  MOTION TO SEAL

When plaintiff filed the complaint, it attached an exhibit known as Exhibit C.  The complaint alleges the following with respect to this exhibit:

> IPP Limited has also engaged in enhanced surveillance of other digital media files being distributed by Defendant.  The results of this more intensive

---

[1] I assume that defendant is not requesting to withhold his identity from either the court or the plaintiff and that he is only seeking to prevent disclosure of his identity to the general public. Eventually, both the court and the plaintiff will need to know who the defendant is.

> surveillance are outlined in Exhibit C.  The Copyrights-in-Suit are solely limited to content owned by Plaintiff . . . .  Exhibit C is provided for evidentiary purposes only.

(Compl. ¶ 23.)  Exhibit C contains a list of file names, many of which are salacious and suggest that the defendant is a consumer of hardcore pornography.  Defendant argues that plaintiff had no legitimate reason to attach this exhibit to the complaint, and that the only reason it did so was to increase pressure on the defendant to settle before his or her name was publicly linked to these filenames.  The plaintiff has filed other copyright-infringement complaints in the federal courts, and apparently its practice is to attach exhibits similar to Exhibit C to every complaint.  At least one court has determined that this practice violates Federal Rule of Civil Procedure 11.  See Malibu Media LLC v. John Doe subscriber assigned IP address 24.183 .51.58, No. 13-C-205, 2013 WL 4821911 (W.D. Wis. Sep. 10, 2013).

In the present motion, defendant does not request that plaintiff or its counsel be sanctioned for attaching Exhibit C to the complaint.  Rather, it asks only that the exhibit be sealed.  Plaintiff does not oppose the request to seal, and in fact it too requests that the exhibit be sealed.  (Plaintiff's motion to seal was filed after the Western District of Wisconsin sanctioned its counsel under Rule 11 for attaching similar exhibits to other complaints.) Again, however, I have an independent duty to determine whether part of the record can be removed from the public file.  See Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943, 945 (7th Cir. 1999).  Here, I can see no harm to the public interest in sealing Exhibit C.  The exhibit is merely a list of filenames, and it likely constitutes "immaterial, impertinent, or scandalous matter" that should be stricken from the complaint.  See Fed. R. Civ. P. 12(f).  Accordingly, the parties' request to seal this exhibit will be granted.

7

## IV. OTHER MATTERS

Plaintiff has filed two motions that defendant does not oppose: a motion to extend the time for service of process under Federal Rule of Civil Procedure 4(m), and a motion to file its brief in opposition to defendant's motion to quash <u>instanter</u>. Because defendant does not oppose these motions, they will be granted.

## V. CONCLUSION

For the reasons stated, **IT IS ORDERED** that defendant's motion to quash is **DENIED**. However, should defendant's counsel accept service of the complaint on behalf of the defendant, plaintiff shall be prohibited from acting on the subpoena prior to the time that the parties confer pursuant to Rule 26(f).

**IT IS FURTHER ORDERED** that defendant's motion to proceed anonymously is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's and defendant's respective motions to seal Exhibit C to the complaint are **GRANTED**. The Clerk of Court shall ensure that Exhibit C to the complaint is sealed.

**IT IS FURTHER ORDERED** that plaintiff's motion to extend time for completing service of process is **GRANTED**. The plaintiff shall have thirty days from the date of this order to complete service of process.

**FINALLY, IT IS ORDERED** that plaintiff's motion to file its brief in opposition to defendant's motion to quash <u>instanter</u> is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 31st day of October 2013.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge